This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NINA R. STRAUSBERG,**

Plaintiff-Appellant,

**v.** No. 29,238

**LAUREL HEALTHCARE PROVIDERS, LLC, and ARBOR BROOK, LLC, d/b/a ARBOR BROOK HEALTHCARE,**

Defendants-Appellees,

**LISA S. NOYA BURNETT, M.D. and THE FOUR HUMOURS HEALTHCARE, LLC,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay P. Campbell, District Judge**

Harvey Law Firm, LLC
Dusti D. Harvey
Jennifer J. Foote
Albuquerque, NM

for Appellant

Keleher & McLeod, P.A.
Mary Behm
Hari-Amrit Khalsa

Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}    This case is before us on remand from our Supreme Court to consider "whether the district court erred by granting Defendants' motion to compel arbitration and by dismissing Plaintiff's case." *Strausberg v. Laurel Healthcare Providers, LLC (Strausberg II)*, 2013-NMSC-032, ¶ 59, 304 P.3d 409. Because we conclude that the arbitration agreement is substantively unconscionable and thus unenforceable, we reverse and remand.

**I.    BACKGROUND**

{2}    Despite signing a mandatory arbitration agreement prior to her admission for treatment, Plaintiff Nina Strausberg brought suit against Arbor Brook Healthcare nursing home and others alleging negligence. Defendants moved to compel arbitration and to dismiss Plaintiff's case. Plaintiff responded that the arbitration agreement is unenforceable because it is procedurally and substantively unconscionable. The district court granted Defendants' motion and Plaintiff appealed. We reversed, holding that the district court erroneously shifted the burden to Plaintiff to prove that the arbitration agreement is unconscionable. *Strausberg v. Laurel*

*Healthcare Providers, LLC (Strausberg I)*, 2012-NMCA-006, ¶¶ 20-21, 269 P.3d 914, *rev'd by Strausberg II*, 2013-NMSC-032, ¶ 3. Our Supreme Court reversed, holding that because unconscionability is an affirmative defense and federal law requires arbitration agreements to be treated the same as other contracts, the party asserting unconscionability has the burden of proving that the contract is unenforceable. *Strausberg II*, 2013-NMSC-032, ¶ 3. On remand, we now consider whether the district court erred in granting Defendants' motion to compel arbitration and to dismiss Plaintiff's case, despite Plaintiff's procedural and substantive unconscionability arguments.

## II. DISCUSSION

{3} Plaintiff challenges the enforceability of the arbitration agreement, arguing that "(1) the circumstances surrounding [the arbitration agreement's] signing render it procedurally unconscionable . . . ; and (2) the arbitration agreement's reservation of certain types of disputes renders it substantively unconscionable[.]" Because we conclude that the substantive unconscionability of the arbitration agreement is apparent on its face, we do not address Plaintiff's procedural unconscionability argument. *See Figueroa v. THI of N.M.*, 2013-NMCA-077, ¶ 23, ___ P.3d ___ ("[W]here an agreement is so one-sided that the substantive unconscionability is apparent on the face of the contract, analysis of the procedural unconscionability of

3

the formation of the contract is unnecessary to establish that the contract is unconscionable.").

{4}	"We review de novo any grant of a motion to compel arbitration." *AFSCME v. City of Albuquerque*, 2013-NMCA-049, ¶ 7, 299 P.3d 441, *cert. granted*, 2013-NMCERT-004, 301 P.3d 859.  Similarly, "[w]e review whether a contract is unconscionable as a matter of law." *Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 11, 146 N.M. 256, 208 P.3d 901.

{5}	"Substantive unconscionability concerns the legality and fairness of the contract terms themselves. . . .  The substantive analysis focuses on such issues as whether the contract terms are commercially reasonable and fair, the purpose and effect of the terms, the one-sidedness of the terms, and other similar public policy concerns." *Id.* ¶ 22.  "Contract provisions that unreasonably benefit one party over another are substantively unconscionable." *Id.* ¶ 25.

{6}	The arbitration agreement at issue here requires arbitration of "any and all disputes associated with this Arbitration Agreement and the relationship created by the Admission Agreement and/or the provision of services under the Admission Agreement (including, without limitation, class action or similar proceedings; claims for negligent care against Facility; claims against Facility or any of its employees, managers or members)."  The arbitration agreement also provides that "[the]

4

Arbitration Agreement shall not apply to disputes pertaining to collections or discharge of residents."

{7}    Plaintiff asserts that "[t]he agreement as written requires that residents give up their rights to sue in court for the vast majority of suits they could bring, while the facility retains the right to pursue in court the only types of suit that it would bring against the resident.  As such, it is truly one-sided for the vast majority of disputes between the parties, and is unenforceable as substantively unconscionable under *Cordova.*"    *See id.* ¶ 32.    We recently addressed a similar substantive unconscionability argument in *Ruppelt v. Laurel Healthcare Providers LLC*, 2013-NMCA-014, ¶¶ 10-18, 293 P.3d 902 and *Figueroa*, 2013-NMCA-077, ¶ 30. Defendants respond that the arbitration agreement is not substantively unconscionable because the language in the arbitration agreement that creates an exception to the arbitration requirement is applicable to both parties.

{8}    As with *Ruppelt* and *Figueroa*, the arbitration agreement here requires arbitration of the vast majority of claims that would be brought by the patient while excluding those disputes that would almost exclusively be pursued by the nursing home.  Although the exception language facially appears neutral, it is meaningless in practice. *See Ruppelt*, 2013-NMCA-014, ¶ 15 ("Common sense dictates that claims relating to collection of fees and discharge of residents are the types of remedies that

5

a nursing home, not its resident, is most likely to pursue."). The availability to Defendants of a choice of whether to litigate or arbitrate their claims where Plaintiff has no such options establishes substantive unconscionability of the arbitration agreement. *See Figueroa*, 2013-NMCA-077, ¶ 30 ("While we agree that arbitration obligations do not have to be completely equal, and that parties may freely enter into reasonable agreements to exempt certain claims from arbitration, we refuse to enforce an agreement where the drafter unreasonably reserved the vast majority of his claims for the courts, while subjecting the weaker party to arbitration on essentially all of the claims that party is likely to bring."). As a result, we conclude that the district court erred in concluding that the arbitration agreement is enforceable.

**III.    CONCLUSION**

{9}      The order of the district court is reversed.

{10}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

6

_____

**MICHAEL D. BUSTAMANTE, Judge**